TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELIA HERRERA (Cal. Bar No. 293278)
ASHLEY FILLMORE (Cal. Bar. No. 332167)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2024
     Facsimile: (213) 894-0141
     Email:    elia.herrera@usdoj.gov
               ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-CR-00227-PA-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ARNO ABRAMIAN |
| v. | Hearing Date: October 25, 2021 |
| ARNO ABRAMIAN, | Hearing Time: 12:00 P.M. |
| Defendant. | Location:     Courtroom of the Hon. Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Elia Herrera and Ashley Fillmore, hereby files its sentencing position with respect to defendant Arno Abramian.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report prepared by the United States Probation and Pretrial Services Office, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 4, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


    /s/ *Elia Herrera*
ELIA HERRERA
ASHLEY FILLMORE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant pleaded guilty, pursuant to a plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344(2) (Count Three of the indictment) and aggravated identity theft, in violation of 18 U.S.C. § 1028(A) (Count Ten of the indictment). (Dkts. 92, 98, 103.) On September 13, 2021, the United States Probation and Pretrial Services Office filed its Presentence Investigation Report ("PSR"). (Dkt. 113.) Therein, probation concluded that, as to Count Three, defendant's total offense level is 16, his criminal history category is VI, and his Guidelines range is 46 to 57 months' imprisonment. (PSR ¶¶ 37, 54, 114.) As to Count Ten, probation concluded that the Guidelines sentence is 24 months' imprisonment, to be served consecutively to the sentence issued on Count Three. (PSR ¶ 38; see USSG 2B1.6; 18 U.S.C. § 1028A.) Probation identified no factors that would warrant any downward departure or variance below the Guidelines range. (PSR ¶¶ 128-29.) As set forth below, the government respectfully recommends a low-end Guidelines sentence of 70 months' imprisonment, five years' supervised release, $81,518.87 in restitution, a $200 special assessment,[1] and no fine. Additionally, the government asks the Court to recommend that defendant participate in the Bureau of Prison's Residential Drug Abuse Program ("RDAP").

**II.   DEFENDANT'S CRIMES**

The facts relevant to sentencing are accurately set forth in the PSR and the plea agreement. (PSR ¶¶ 8-19; Dkts. 92, 103.) In summary, beginning at an unknown date and continuing through on or

---

[1] A $200 special assessment is mandatory. 18 U.S.C. § 3013. The PSR mistakenly cites this amount as $125. (See PSR ¶ 123.)

about May 2020, defendant and his codefendant Marina Haghnazarian engaged in a scheme to defraud financial institutions. (Id.) Specifically, defendant would steal checks, debit cards, and credit cards from mailboxes, and his codefendant and other associates would open bank accounts at financial institutions in the names of victim businesses. (Id.) Defendant would then deposit the stolen checks into the fraudulent bank accounts, and he and his associates would withdraw, transfer, and otherwise steal money from the fraudulent bank accounts. (Id.)

In furtherance of the scheme, at least fifteen times between February 2020 and May 2020, defendant burglarized post offices throughout Los Angeles and San Bernardino Counties. (Dkt. 5.) In March 2020, defendant also activated a stolen Discover Bank credit card that belonged to victim A.Y. and used it, without authorization, to rent a car and to buy other items. (Id.) Similarly, in May 2020, defendant stole a money order sent by victim R.C. to pay rent, altered the information on the money order to make himself the payee, and cashed the check. (PSR ¶ 18.)

When defendant has arrested for one of the mail thefts, he was driving a car that contained stolen mail from more than 20 victims, and his cell phones contained stolen access devices that belonged to people other than defendant, including 154 profiles with personal identifying information, (including social security numbers and birthdates), 69 credit or debit cards, 35 checks, and 16 drivers' licenses or identification cards. (PSR ¶¶ 8-19; Dkts. 92, 103.)

In total, defendant's scheme had an intended loss of at least more than $150,000 and actual losses of at $81,518.87. (PSR ¶¶ 4, 12-13, 15-19, 27, 126.)

2

### III. DEFENDANT'S OFFENSE LEVEL

Based on these facts, defendant's base offense level is 7, under USSG § 2B1.1(a)(1); the loss (between $150,000 and $250,000) warrants a 10-level increase, under USSG § 2B1.1(b)(1)(F); the number of victims (10 or more) warrants a two-level increase, under USSG § 2B1.1(b)(2)(A)(i); and defendant's timely acceptance of responsibility warrants a three-level decrease, under USSG § 3E1.1. (PSR ¶¶ 26-36.)  As such, defendant's total offense level is 16. (PSR ¶ 37.)

### IV. DEFENDANT'S CRIMINAL HISTORY

Defendant has 20 criminal history points, which place him in criminal history category VI -- the highest possible category. (PSR ¶¶ 43-54.)  His extensive criminal history includes prior felony convictions for embezzlement, forgery, identity theft, receiving stolen property, and drug trafficking. (PSR ¶¶ 43-53.)

### V. DEFENDANT'S GUIDELINES RANGE

An offense level of 16 and a criminal history category of VI place defendant's Guidelines range for Count Three at 46 to 57 months' imprisonment and two to five years' supervised release. See USSG 5A.  Count Ten carries a 24-month mandatory, consecutive term of imprisonment, and a one-year term of supervised release. (PSR ¶¶ 24, 116-18.)  Probation identified no factors that would warrant any downward departure or variance below the Guidelines range. (PSR ¶¶ 128-29.)

### VI. THE GOVERNMENT'S RECOMMENDED SENTENCE

The government respectfully recommends that the Court sentence defendant to a low-end Guidelines sentence of 46 months' imprisonment on Count Three, 24 months' imprisonment on Count Ten, five years'

supervised release, $81,518.87 in restitution, a $200 special assessment, and no fine.  The government believes that such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

        1.   <u>Nature and Circumstances of the Offense, § 3553(a)(1)</u>

The nature and circumstances of defendant's offense warrant a 70-month custodial sentence.  Defrauding banks, stealing mail, burglarizing post offices, and using others' identities causes serious economic and reputational harm to both institutional and individual victims.  Defendant's crimes hurt his victims' credit scores, limited their financial options, and -- in the case of R.C. -- even endangered their housing.  Finally, the range and scope of defendant's scheme is notable: over the course of several months, he stole mail repeatedly, burglarized post offices systematically, used multiple accounts fraudulently, and possessed many stolen access devices.  In other words, defendant's crimes implicate the need to protect the public, and his sentence should account for that.

        2.   <u>History and Characteristic of Defendant, § 3553(a)(1)</u>

Defendant's history and characteristics also warrant the government's recommended sentence.  In aggravation, defendant has an extensive criminal history -- including arrests convictions for similar crimes -- and yet was undeterred from going on the instant crime spree.  (<u>See</u> PSR ¶¶ 40-78.)  In mitigation, however, defendant has substance abuse problems, he recently lost his mother, and he has special skills in welding, plumbing, and as an electrician and mechanic.  (PSR ¶¶ 22, 80, 82, 94-105.)  The government respectfully submits that its recommended sentence appropriately balances these factors.

3. <u>Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)</u>

Defendant's significant, undeterred criminal history warrants a sentence that will deter him and others from future criminal conduct and promote respect for the law. Significantly, a 70-month sentence is far longer than nearly all of defendant's prior prison terms (<u>see</u> PSR ¶¶ 43-53) and would provide defendant sufficient time to consider his actions in light of their substantial consequences. In addition, five years' supervised release would hold defendant accountable for his future actions and hopefully deter him from committing future crimes. Such deterrence is particularly important given defendant's long, undeterred history of committing and being arrested for similar crimes. (<u>See</u> PSR ¶¶ 40-78.)

4. <u>Need for the Sentence to Avoid Unwarranted Disparities, § 3553(a)(6)</u>

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants. One way of doing so is to correctly calculate the Guidelines range. <u>See</u> <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); <u>Gall v. United States</u>, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant can expect a sentence between 70 and 81 months (between 46 and 57 months on Count

5

Three, and 24 months consecutive on Count Ten). See USSG § 5A, 18 U.S.C. § 1028A. As such, the government's recommended sentence, within that range, avoids an unwarranted disparity with similarly situated defendants.

### 5. Restitution

The Court should also order defendant to make full restitution to the victims of his crimes, as defendant has already agreed to do. (Dkt. 103 ¶ 10.) The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, applies. See 18 U.S.C. § 3663A(c)(1)(A)(ii); PSR ¶ 20. Under the MVRA, a district court must order restitution in such a case where "an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). Thus, this Court should impose an order of restitution in favor of the victims for the full amount of their losses, $81,518.87, apportioned among the victims as set forth in Paragraph 126 of the PSR. See 18 U.S.C. § 3664(f)(1)(A); USSG § 5E1.1 (directing the sentencing court to enter a restitution order if there is an identifiable victim).

After determining the amount of restitution and victims, the Court then must determine the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of (a) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (b) projected earnings and other income of the defendant; and (c) any financial obligations of the defendant, including obligations to dependents. Id. § 3664(f)(2). In making these determinations, the burden is on the defendant to demonstrate financial resources and financial needs of dependents. Id. § 3664(e). Based on this information, the Court "may direct the defendant to make a single

6

lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." Id. § 3664(f)(3)(A).

Pursuant to 18 U.S.C. § 3572(d), in the absence of a finding that, in the interests of justice, restitution should not be due immediately, restitution is due at the time of sentencing. Here, defendant told probation that he had no assets and no liabilities, and probation concluded that he would be able to make nominal payments of at least $100 per month. (PSR ¶¶ 109, 111.) While the interest of justice may delay the restitution payment while he is in custody, defendant should be required to pay full restitution within "the shortest time in which full payment can reasonably be made." 18 U.S.C. §§ 3572(d)(3). The government recommends a period of no more than five years from the date of defendant's release to meet his full restitution obligation.[2]

### 6. Fine

The government agrees with probation that defendant lacks the ability to pay a fine. (PSR ¶¶ 107-110.)

### 7. RDAP

Given defendant's serious substance-abuse history and the fact that most of his crimes appear to be fueled by his drug addiction, the government believes that both defendant and society would benefit

---

[2] The Court then could adjust its order in response to changed circumstances: "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k).

7

from defendant's participation in RDAP.  (See PSR ¶ 40-78, 82, 95-99.)

**VII. CONCLUSION**

    For the foregoing reasons, the government respectfully recommends a sentence of 70 months' imprisonment (46 months on Count Three and 24 months on Count Ten) to include access to RDAP, five years' supervised release, $81,518.87 in restitution, a $200 special assessment, and no fine.